IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE-
PROBATION BREACH OF PATRICIA
A. ROSS, BAR NO. 9901.

No. 74860

**FILED**

JUN 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court revoke attorney Patricia Ross's disciplinary probation and impose the stayed two-year suspension based on her failure to comply with probation conditions. Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

On May 18, 2017, this court approved Ross's amended conditional guilty plea agreement and suspended her for two years, the entire term of which was stayed, for seven violations of RPC 1.3 (diligence), nine violations of RPC 1.4 (communication), seven violations of RPC 1.5 (fees), one violation of RPC 1.16 (declining or terminating representation), and seven violations of RPC 8.1(b) (bar admission and disciplinary matters). The stayed suspension was conditioned on Ross's compliance with probation terms, which included the condition that she "immediately begin psychotherapy for one year." Ross did not commence psychotherapy until more than four months after entry of this court's order, and only after the State Bar notified her that she was not in compliance with her probation conditions. Thus, substantial evidence supports the panel's finding that Ross violated the terms of her probation by failing to immediately begin psychotherapy. Because the stay of Ross's two-year suspension was subject

18-23453

to her compliance with the conditions of her probation, we revoke Ross's probation and suspend her for two years commencing from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

STIGLICH, J., with whom CHERRY, J., agrees, dissenting:

I respectfully dissent. The requirement that Ross "immediately" commence counseling did not provide her with sufficient notice as to when she was required to start counseling or when counseling had to be completed. Further, Ross's receipt of the Order Approving Amended Conditional Guilty Plea, *In re Discipline of Ross*, Docket No. 70985 (May 18, 2017), and of the notice regarding the deadline for submittal of her first quarterly probation report were delayed. Considering these

---

[1]We grant Ross's April 5, 2018, motion to seal records in part and deny it in part. Because the record does not appear to include any correspondence from Dr. Peter Mansky, we deny Ross's motion to seal that correspondence. We grant Ross's motion to seal her medical test results. Because the entire record is currently filed under seal, we direct the clerk's office to refile the record not under seal, except for pages 447-72, which should be filed separately under seal. Otherwise this matter is public. *See* SCR 121(12).

delays and the insufficient notice as to when she had to start and complete counseling, I would not revoke her probation.

_____, J.
                           Stiglich

I concur:

_____, J.
Cherry

cc:    Chair, Southern Nevada Disciplinary Panel
       Lynn Conant
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court